Good morning, Your Honor. Parker Ryder Longmaid for Defendants Appellants Trina Solar U.S. and Trina Solar Company. I would like to reserve two minutes for rebuttal. All right. Go ahead, please. Thank you. May it please the Court. This Court has jurisdiction over both the denial of the motion to compel and the remand. I want to start with jurisdiction over the denial of the motion to compel because the Court has jurisdiction over the denial regardless of whether it has jurisdiction over the remand. First, Section 16A1C of the Federal Arbitration Act confers appellate jurisdiction over an order denying an application under Section 206 to compel arbitration. The District Court here denied Trina's Section 206 motion to compel on the merits. The Court denied the motion before remand. But 205 says that all other procedural rules apply, and so that means 1447D would apply. So then wouldn't you be precluded from having jurisdiction? So Your Honor, I think there's a separate question as to jurisdiction over the remand order and whether that jurisdiction is precluded by 1447D and whether there's jurisdiction over the denial of the motion to compel. And I think it's important to look both at what the District Court did here and whether the District Court actually had Section 203 and 205 jurisdiction to deny. But if I look at your 28J letter, you're basically saying that those are inseparable, the remand order and the motion to compel arbitration ruling. I mean, that's what I — that's how I interpret your Boshears letter of December 5th. So, Your Honor, we explained how the Court could look at this under Boshears and BP, but I think the separability question for purposes of the City of Waco test is a little bit different. And I think it — take, for example, this court's — But confirm for me. Your December 5th letter to me says those are inseparable decisions. I think they're inseparable for the purposes of the reasoning that the District Court engaged in to deny — excuse me, to grant the remand. It used a merits rationale to grant the remand. That merits rationale takes the remand outside of the Section 1447D bar because the 1447D bar applies only to grounds in 1447C and E. The grounds in 1447C and E, as relevant here, are jurisdictional grounds or joinder grounds in E or certain procedural defects raised within 30 days under 1447C. The District Court's reasoning here was entirely merits-based. The District Court said it was — But if you're conceding that it's not separable, then aren't you abandoning your antecedent determination argument? Because that depends on the two orders being separable. Judge Koh, I want to be very clear. We are not conceding that there is separability for purposes of the City of Waco test. I actually don't think you even need to go to the City of Waco test because I think this is a question of what the District Court did, whether it was on the merits, and whether it actually had jurisdiction to do what it did on the merits. And I'd like to just point the Court to what the District Court actually did, which is it said it was denying the motion to compel, then it remanded, and then it said it was denying the motion to dismiss without prejudice, evidently thought that it was not denying the motion to compel without prejudice, that it would have binding effect. It did that before it entered the remand because the remand, of course, was the last thing in the case. And if you look at this Court's decision in De Martini, a much closer relationship between the remand and the antecedent determination, which was a joinder, it was a joinder and remand under 1447E. Those things, in a sense, were inseparable. Nonetheless, under the City of Waco test, the first step of the separability analysis was satisfied, precisely because the joinder was the reason for the remand. Let me go back to your 28J letter. You talk about voshears, and you're saying together with BP-PLC, which is the Supreme Court decision, we should find jurisdiction. But if I look at that BP decision, it says the only question before us is one of civil procedure. Does 1447D permit the Court of Appeals to review any issue in a district court remanding a case to state court where the defendant premised removal in part on the Federal Officer Removal Statute, 1442, or the Civil Rights Removal Statute, 1443? And I don't see either Federal Officer or Civil Rights statutes being involved here. Your Honor, I understand. I think the logic of BP, as the Court suggests in the voshears decision, is that where there is reasoning on another issue that is intertwined with the remand order, that that reasoning is also reviewable. But as we also say in the December 5th letter, the last paragraph, we're showing again that there is a right to — that the district court's rationale was entirely merit-based for remanding. And that means that there is no 1447D bar for this completely separate reason, putting aside BP and voshears. The 1447D bar doesn't apply because what the district court did was merit-based. And just to — I just want to make this point. What the district court should have asked, and I realize that the colorability analysis gives the district court some leeway — this is, of course, under De Martini or the Academy of Country Music decision, Atlantic National Trust decisions from this court — but what the district court has to do to have a jurisdictional determination on which the reamend is based be colorable is it has to ask the right question. It has to ask a jurisdictional question. The question the district court asked here was a merits question. The only answer it could get was a merits answer. It couldn't get a jurisdictional answer by asking a merits question. What the district court said when denied was it gave a merits rationale. And specifically, it said if the right to arbitrate exists, then reamend would be inappropriate. Similarly — Kagan. But you agree. We just have to find it was colorably characterized as a subject matter jurisdiction question or decision. Colorably characterized. You don't think it meets that low standard here? I don't think it meets that low standard because I think the district court can potentially err when it applies a jurisdictional test, and then this court wouldn't be able to review that as a matter of colorability. But the problem here is not in the application of the jurisdictional test. The problem is that there was no jurisdictional test. What the court was asking is if there's no right to arbitrate, whether there was a right to arbitrate these particular underlying disputes — that is, the causes of action in the complaint That wasn't even the theory that — Okay. So let's just assume that for purposes of this discussion here, that we agree that the district court didn't ask the jurisdictional question, and instead, it ruled on the motion to remand based on a merits analysis. Can you walk me through how it should have conducted the jurisdictional analysis? The jurisdictional analysis under Section — it's the same under Sections 203 and 205 as this Court's decision in Jones Day makes clear. It's a very low bar, remarkably broad removal jurisdiction. What the court is supposed to ask is whether it's completely absurd or impossible that an arbitration-based defense, based on a covered arbitration agreement, the defendant could raise such a defense. Completely absurd or impossible. All the court has to ask is whether it's conceivable that an arbitration defense would work. So one of the things that, in fact, this Court's decision in Futuria says — this is 631F3 at 1137 to 1138 — sweeping removal jurisdiction, remarkably broad removal authority, just about any suit in which a defendant contends that an arbitration clause falling under the Convention provides a defense. Just about any suit. So the disagreement here that Trina had with the district court was whether or not the arbitration clause with this delegation clause in the framework agreement was conceivably incorporated into the implementing agreement such that it could affect the outcome. And just to be clear on that, conceivably. Whether it was completely absurd or impossible, that Trina is wrong on that point, okay? And then, further, the court would — the court would need to ask — I'm going to ask you, when we look at that district court decision and it says FAA confers jurisdiction upon Federal courts for disputes related to an arbitration agreement, and it says there's no other basis of Federal jurisdiction other than FAA here for Federal jurisdiction, are we to just disregard that and assume that was not a jurisdictional analysis? I — the court has to ask if the test the district court actually applied was colorably — as Your Honor said, it was colorably a jurisdictional determination. And the reason it wasn't was because it was simply a merits determination about whether these disputes could be arbitrated. If the court — if the district court had asked the Section 205 analysis we were just discussing and come to the wrong conclusion, perhaps it would still be colorably characterized as jurisdiction. It would be applying the correct test. But it wasn't even asking that jurisdictional question. Instead, it was saying, I'm denying the motion to compel. I'm doing it before I'm remanding. And in the colloquy on the Lift State motion, the district court, with my friend on the other side, had a colloquy about whether this would be preclusive in state court. And I think it's interesting to note that this would be preclusive in state court precisely because it's on the merits. So — and if it wouldn't be preclusive in state court, then questions arise about whether there would be a different outcome if this were a 203 action originally brought in Federal Court and what the analysis would have been there because there wouldn't be the 1447D problem. If I could just reserve the remainder of my time to vote. You have one minute and 23 seconds. Thank you, Your Honor. Good morning, Your Honors, and may it please the Court. Shegun Babatunde on behalf of Plaintiffs' Appellees. The jurisdictional question that's currently before this Court is readily resolved by the principles set forth in D. Martini v. D. Martini. As an initial matter, we have a remand from the district court here that is based on lack of subject matter jurisdiction. Okay. So the district court never cites to 1447C in its substantive analysis of jurisdiction. So how do we know the order can be colorably characterized as a remand based on subject matter jurisdiction? Your Honor, I believe that question can be answered by the very first sentence of the district court's discussion section, which precedes all of the analysis in the order, wherein the district court says, given the legal framework described above, to remove this action from state court, Trina must show that this dispute relates to an arbitration agreement. The district court then cites to Section 205 the removal provision of the FAA. The district court proceeds, for the reason set forth below, it does not. This is ER 6-1, ER 7. There's no dispute between the parties that in order to establish subject matter jurisdiction in this case, Trina had to show that this case relates to an arbitration agreement. Here you have explicit instruction from the district court where it is saying that Trina did not make that showing. And my friend on the other side said that the question of jurisdiction was never posed or was never answered by the district court, but I believe the face of the district court's belies that statement. The district court, in fact, in its legal framework section, specifically calls out the standard for remands and says that the Ninth Circuit has interpreted a dispute to relate to an arbitration agreement if the arbitration agreement could conceivably affect the outcome of that case. But that removal power is not limitless. So the weakness I see in your case is the conclusiveness. So you rely on Dahia, the Fifth Circuit case, for that. That Dahia case relies on lots of Fifth Circuit cases to say that it was on the conclusiveness issue. So why would we follow Dahia here? And what is it about California, if anything, or the Ninth Circuit that would make that a different determination or the same determination as the Fifth Circuit? Well, as an initial matter, we believe that it's not conclusive because the ruling is jurisdictional. So it was a jurisdictional ruling, so it will not have a res judicata effect on the motion to compel arbitration. Why? Because it was jurisdictional. The district court did not reach the merits of Trina's motion to compel arbitration. It denied all of the motions pending on the docket because it found that it did not have jurisdiction. So you're saying a state court would re-decide the motion to compel arbitration issue? Yes. Why? Based on what? What's your authority for that? Our authority on that is based on... Looks like you only got Dahia. Well, we believe that actually the most governing case here is DiMartini v. DiMartini, in which this court stated that if you have a ruling, a remand ruling, that is based on lack of subject matter jurisdiction, and you have collateral orders that accompany it, those orders are only reviewable, even if they were antecedent, and even if ordinarily those collateral orders would be reviewable. If there is a remand for lack of subject matter jurisdiction, they can only be reviewed if their reversal would not disturb the remand order. So we believe that that is really the governing test here. That is the litmus test in the formula that this court laid out in DiMartini, and we believe that is completely dispositive of the proper outcome here. There is simply no way that you can reverse the district court's denial of Trina's motion to compel arbitration without disturbing its threshold determination that this case does not relate to an arbitration agreement to begin with, does not even conceivably relate. So we believe that the formula in DiMartini is really the controlling precedent here, rather than Dahia. But we do believe that jurisdictional rulings, by their very nature, because they're just... Let me ask you, what do you think is Trina's best argument for jurisdiction? I do not believe Trina has a good argument. If you had to pick one, which one's the best one? I would say that the parties did... I mean, Your Honor, I agree with the district court here that I don't believe that this case even conceivably relates to an arbitration agreement. They are right that the best thing going for them is the fact that the remand standard is very low. So there was, in the framework agreement, an arbitration clause that the district court clearly found had been superseded, which is why it doesn't conceivably relate. But I believe the best thing going for the other side was simply the low standard for remand. But the district court expressly called out that low standard in issuing its ruling, and found that notwithstanding the low standard that does favor the other side, they had failed to show that this case even conceivably relates to an arbitration agreement. How is nonexclusive jurisdiction of any state or federal court in New York an exclusion of consent to arbitration? Because it's... We're... The governing question, and this is, again, the mayor's question, so we're now a little bit out of the jurisdictional realm, but any provision that requires and mandates that parties must go and arbitrate their disputes abroad is inconsistent with a provision that allows those parties to litigate their disputes in the United States. And, again, to provide bigger context here, that arbitration provision that would have required the parties to go to the ICC was signed by non-party affiliate companies. The companies to the relevant agreements governing this dispute signed a dispute resolution clause that allows them to litigate their disputes in the U.S. So that is a conflict with any clause that would require them to... Why did you sue in California State Court? Because it's nonexclusive. So we are not mandated to file in New York. So for, you know, we believe that it was appropriate under the form selection clause that we had grounds under the form selection clause in the implementing agreements to file in New York or in California State Court as we deemed appropriate. But the nonexclusive component of it does not change the fact that it is in direct conflict with a provision that would require the parties to arbitrate their disputes abroad. And that is why on the merit... That is why in the district court's analysis, it found that the framework agreement's arbitration provision had clearly been superseded and that these parties never agreed to that arbitration provision. I do want to take a moment just to address BP because that is a case that the other side relies fairly heavily on in their briefing. BP is plainly inapplicable here. I believe it was noted during my... A friend on the other side during his oral argument. But BP involved an express statutory exception that allowed for the appellate court's review of the remand order in that case because one of the bases that had been invoked was the involvement of a federal officer. So all the court in BP said is that... Can I ask you? I'm looking at DiMartini and its discussion of conclusiveness. Yes. I don't really see here the argument that you were making earlier that this was the dispositive case. Can you point me to specific language? I'm looking at 822 and 823. Yes, Your Honor. The dispositive language is on 823 and I will read it directly here for you. The court stated... This is at the... Yes, so we're on 823. And the court states, furthermore, we are reminded that City of Waco repeatedly cautioned that the remand order itself could not be set aside even when the antecedent determination is reviewable. Accordingly, when we have found antecedent determinations to be separable and reviewable, we do so without disturbing the remand order. And then it concludes, the opinion concludes this portion of it, the observation suggests a formula for differentiating separable decisions from unreviewable ones. An antecedent ruling that could be reversed without disturbing the remand may, as in City of Waco, be separable. However, if the ruling can only be reversed by first undoing... But you're focusing on the separability? Yes. I was asking about conclusiveness. You said you're not relying on Dahia, you're relying on DiMartini for conclusiveness. So I'm not asking about separability. I think they've kind of conceded it in their 28-J letter. But we're in the conclusiveness discussion. I just see a lot of conclusions that it's functionally unreviewable in state court. But I don't see where it would apply in this case. Yes, Your Honor. So yes, and just to clarify my earlier comments, I just meant to mean that on the general issue of reviewability, we believe that DiMartini is the controlling authority here, as separate and distinct from this more specific question of conclusiveness. But the conclusiveness ruling does really flow from the Dahia decision. And we believe, just from the general principles that we think are sound logic, that if a decision is jurisdictionally based and orders are denied because the district court determines that it does not have jurisdiction over the case, then those concurrent rulings, those collateral rulings are not conclusive and they're not binding because the gist of the entire order was jurisdictional. So it is Dahia that we are citing for that specific. And not Gupta. And no, Your Honor, I believe mainly Dahia. Okay. Thank you. Yes.  And with that, I will step forth in DiMartini and direct this action back to state court for that subject matter jurisdiction. Thank you. All right. Thank you. Just a few points in rebuttal. We have not conceded that these are the same for purposes of the city of Waco analysis. I just want to point the court to 964 F3 at 822. This is DiMartini. And the court is saying that Section 1447E does not permit separate consideration of joinder and remand. They are one and the same. Nonetheless, the court found separability satisfied as to that first prong of separability because the joinder did, in fact, precede the remand. We think the same type of analysis applies here. As to preclusion, I don't hear my friend on the other side making any argument about the Gupta case, which we discussed in both our opening brief and reply brief, which shows that even an embedded merits determination in a jurisdictional determination will be preclusive in state court. So now we're running the risk that if we end up back in state court, we cannot raise this again. And I don't hear any answer from the other side on that point. I think also there's a key distinction with the DAHIA. No matter what the district court thought in this case that it was doing, it did, in fact, have Section 203 and 205 jurisdiction. It did give a merits rationale for what it was doing. It made that decision before remanding. And for those reasons, this is a merits denial for purposes of Section 206 and Section 16. And this court has appellate jurisdiction over it. I also would urge the court to look at Academy of Country Music and see that the test that the court applied here was contrary to the correct test because it could say that just because there's no right on the merits to arbitrate, there is no jurisdiction. In fact, there will often be jurisdiction even where there is not a right to arbitrate, as this court and other courts of appeals cases make clear. Thank you. All right. I'd like to thank both counsel for your very helpful arguments today. It was very helpful. Thank you. I believe we are adjourned. Thank you. All rise. This court for this session stands adjourned.
judges: GOULD, KOH, DESAI